UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

HARRIS JOHN,

                                      Plaintiff,

-against-

P.O. ANTHONY CANALE
And THE CITY OF NEW YORK,

                                      Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

CV No. _____

(Jury Trial Demanded
of all issues)

GLEESON, J.

REYES, M.J.

The Plaintiff HARRIS JOHN, by his attorney GARNETT H. SULLIVAN, ESQ., complaining of the defendant's alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeking relief for the defendant's violation and deprivation, under color of State law of plaintiff's rights secured by the Fourth and Fourteenth amendments of the New York and United States constitutions and under common law, and is being brought pursuant to 42 U.S.C. sec. 1983.

2. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

3. Jurisdiction is based upon and conferred to this Court by 42 U.S.C. 1983 and 28 U.S.C. secs. 1331 and 1343(3) and (4). Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. 1367 (a) with respect to any and all State law claims and as against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

4. The plaintiff HARRIS JOHN at all times hereinafter mentioned was and still is a citizen of the United States and a resident of the City and State of New York, County of Queens.

5. That the defendant P.O. ANTHONY CANALE at all times hereinafter mentioned was a police officer employed by the Defendant CITY OF NEW YORK acting within the scope of said employment as a police officer, and is being sued individually and in his official capacity as a police officer acting on behalf of the defendant CITY OF NEW YORK.

## FACTUAL ALLEGATIONS

6. On or about December 14, 2012 at approximately 6:50P.M. the plaintiff was lawfully riding as a passenger in a motor vehicle being operated by a person known as Larry Barnes in the vicinity of 191st Street, and 120th Avenue in the County of Queens, City and State of New York when the vehicle was stopped by defendant P.O. ANTHONY CANALE for a claimed traffic violation.

7. Subsequent to this vehicle stop, the defendant conducted a full-fledged search of the vehicle including the trunk.

8. That upon information and belief defendant CANALE found a bag containing gift cards in the trunk of the vehicle.

9. That at no time herein mentioned did the plaintiff own, or exercised any dominion or control over the vehicle or its contents.

10. That the defendant CANALE arrested plaintiff, the driver of the vehicle as well as another passenger of the vehicle.

11. The defendant charged plaintiff with the felony of possession of forged instrument, second degree under New York Penal Law sec. 170.25.

12. The defendant CANALE falsely informed the prosecutor and alleged in a Queens Criminal Court Complaint that the gift cards were recovered from the open glove compartment of the vehicle. The defendant CANALE knew that said allegation was false but deliberately made such false statement so that it would appear as if there was probable cause to arrest defendant.

13. The defendant knew he had no probable cause to arrest plaintiff based upon the facts known to him, but nevertheless handcuffed plaintiff and took him to the 113th precinct, and then subsequently to Queens Central Booking.

14. The plaintiff was caused not to be arraigned until almost twenty four (24) hours after he was arrested.

15. That the defendant knowingly prepared false and misleading police reports to justify his arrest of the defendant.

16. That the grand jury indicted plaintiff on 48 counts of criminal possession of forged instruments (2nd degree) upon the false and misleading testimony provided by the defendant ANTHONY CANALE.

17. That all the charges in the indictment were subsequently dismissed upon motion of the prosecutor after a prosecution that lasted over two (2) years.

18. That the charges were wrongful and falsely brought against plaintiff by the defendant ANTHONY CANALE despite the absence of facts supporting the charges made and the absence of probable cause to believe the plaintiff had committed any of the charged crimes or any penal law violations.

## FIRST CLAIM

19. The plaintiff incorporates by reference each preceding paragraph of this complaint as if set forth at length herein.

20. That the aforesaid arrest and imprisonment of the plaintiff by the defendant in his capacity as a police officer employed by defendant CITY OF NEW YORK acting under the color of State Law, without any authority of the law and without any reasonable cause or belief that the defendant was in fact guilty of the crimes for which he was charged.

21. That said defendant, their agents, servants and employees falsely arrested and illegally imprisoned the plaintiff and intentionally subjected plaintiff to confinement which plaintiff was conscious of and said confinement was not otherwise privileged or consented to by plaintiff.

22. That by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by the defendants, their agents, servants or employees, the plaintiff was wrongfully deprived of his rights privileges and benefits as provided to him under the

constitutions of the united States of America and the State of New York, was subjected to pain, suffering, great indignities, ridicule, scorn, loss of freedom, humiliation, mental distress, was prevented from attending his usual activities was injured in his reputation in the community was further caused to incur monetary expenses.

23. That by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by the defendants, their agents, servants or employees, the plaintiff was wrongfully deprived of his rights privileges and benefits as provided to him under the constitutions of the united States of America and the State of New York, was subjected to pain, suffering, great indignities, ridicule, scorn, loss of freedom, humiliation, mental distress, was prevented from attending his usual activities was injured in his reputation in the community was further caused to incur monetary expenses.

24. That the defendants committed the foregoing acts willfully and with malicious disregard for plaintiff's rights and is therefore liable to plaintiff for compensatory as well as punitive damages.

## SECOND CLAIM

25. The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

26. The defendants acting under color of State law, subjected plaintiff to the foregoing acts without due process of law in violation of 42 U.S.C. sec. 1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights:

(a) Plaintiff was deprived of Fourth Amendment constitutional right to be free from unreasonable searches and seizure of his person;

(b) Plaintiff was deprived of his Fourteenth Amendment right to liberty without due process of law;

(c) Plaintiff was deprived of his Fourteenth Amendment right to equal protection of the laws.

## THIRD CLAIM

27. The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

28. Defendants subjected plaintiff to the foregoing acts without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1 sec. 1, 6, 8, 9, 11 and 12 or the New York State Constitution, including without limitation the following deprivations of his rights, privileges and immunities;

(a) Plaintiff was deprived of his right to be free from unreasonable seizure of his person, in violation of sec. 12 of the constitution of New York;

(b) Plaintiff was deprived of his rights to liberty, without due process of law, in violation of sec. 6 of the constitution of the State of New York;

(c) Plaintiff was deprived of his right to equal protection of the laws, in violation of sec. 11 of the constitution the State of New York.

## FOURTH CLAIM

29. The plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in the forgoing paragraphs as if fully set forth herein at length.

30. That the defendant CANALE issued legal process to place plaintiff under arrest

31. The arrest of plaintiff by the defendant CANALE was with the purpose of obtaining a collateral objective outside the legitimate ends of justice.

32. The defendant officer acted with intent to do harm to plaintiff without excuse or justification, and such conduct was in violation of the Fourth Amendment of the constitution.

33. The action of the defendant was shocking to the conscience and placed plaintiff in apprehension of emotional injuries.

34. The defendant's conduct caused plaintiff to suffer loss of liberty, mental anguish, emotional distress, shock, fright, fear, embarrassment, humiliation and was otherwise injured.

## FIFTH CLAIM

35. The plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as though fully set forth at length herein.

36. That the defendant instituted and continued criminal proceedings against the plaintiff in the Queens County Criminal Court and the Queens County Supreme Court in the absence of probable cause for said prosecution.

37. That the prosecution against plaintiff was instituted with malice.

38. That the charges were against plaintiff were terminated in his favor.

## SIXTH CLAIM

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in this complaint with the same force and effect as if fully set forth at length herein.

40. That the defendants, their agents, servants and employees negligently, carelessly and recklessly among other acts or commission, to:

    (a) Failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, arrest and prosecution;

    (b) Hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed aggressive properties and a lack of proper temperament;

    (c) Failed to exercise care in instructing police officers as to their department, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained, taken into custody, as to the consequences of bringing false criminal charges, as to preparation and submission of false criminal charges;

    (d) Failed to adequately train and supervise their employees in regard to the decision to arrest and prosecute citizens;

(e) Failed to establish meaningful procedures for disciplining officers who have engaged in such misconduct.

41. That upon information and belief, all the acts by the individual defendant was carried out with the full knowledge, consent and cooperation and under the supervisory authority of defendant CITY OF NEW YORK.

42. That the conduct of the individual defendant was consistent with long-standing customs, practice, and usages of police officers employed by defendant CITY OF NEW YORK.

43. Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervising and policy making officers and officials of the police department and the CITY OF NEW YORK have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices or otherwise trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs practices upon the constitutional rights of persons in the City of New York.

**WHEREFORE**, the plaintiff having been damaged by all of the aforesaid wrongful conduct demands the following relief jointly and severally against the defendants.

A. Compensatory damages
B. Punitive damages
C. Attorney's fees together with costs and interest
D. Such other and further relief as to the Court seems just and equitable.

Dated: South Hempstead, New York
November 30, 2015

GARNETT H. SULLIVAN, ESQ.
**Attorney for Plaintiff**
1080 Grand Avenue
South Hempstead, NY 11550
(516) 285-1575